ORIGINAL

FILED IN OPEN COURT
U.S.D.C. - Atlanta

MAR - 4 2025

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

v.

AVERY HOLCOMBE,
SCOTTY JOEL VENABLE,
BENJAMIN CODY PRUETT,
DEREK S. WORTHINGTON,
DUSTIN W. WOMACK, AND
RANDALL L. CHUMLEY

Criminal Indictment

No. 1:25-CR-079

THE GRAND JURY CHARGES THAT:

### Count One
### (Wire Fraud Conspiracy)

1. Beginning on or about June 1, 2020, and continuing through on or about November 30, 2020, in the Northern District of Georgia and elsewhere, the defendants, AVERY HOLCOMBE and SCOTTY JOEL VENABLE, did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with others unknown to the Grand Jury to knowingly devise and intend to devise a scheme and artifice to defraud the Georgia Department of Labor, and to obtain money and property, namely, Unemployment Insurance benefits, by means of materially false and fraudulent pretenses, representations, and promises, and by the omission of material facts, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted, by

means of wire communications in interstate commerce, writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

## Background

At all times relevant to this Indictment:

2. Unemployment Insurance ("UI") was a joint state and federal program that provided monetary benefits to eligible beneficiaries. UI payments were intended to provide temporary financial assistance to lawful workers who were unemployed through no fault of their own. Beginning in or about March 2020, in response to the COVID-19 pandemic, several federal programs expanded UI eligibility and increased UI benefits, including the Pandemic Unemployment Assistance Program ("PUA"), Federal Pandemic Unemployment Compensation ("FPUC"), and the Lost Wages Assistance Program.

3. In the State of Georgia, the Department of Labor ("GA DOL"), based in Atlanta, Georgia, administered the UI program. Those seeking UI benefits submitted online applications via the internet. Applicants had to answer specific questions to establish eligibility to receive UI benefits, including providing the applicant's name, Social Security number, and bank account information for the direct deposit of approved UI benefits.

4. To obtain and to continue to obtain UI benefits, applicants had to self-certify that they were available to work, among other things. Incarcerated individuals were thus not eligible to receive UI benefits.

5. The GA DOL relied on the information provided in the applications to determine UI benefits eligibility. Once an application was approved, the GA

2

DOL typically distributed state and federal UI benefits electronically to a bank account designated by the claimant.

## Manner and Means

6. For a fee, defendants AVERY HOLCOMBE and SCOTTY JOEL VENABLE caused to be submitted false and fraudulent UI applications to the GA DOL for individuals, including incarcerated people who were not eligible to receive UI benefits.

7. Individuals who wished to apply provided to defendants HOLCOMBE and VENABLE their name, date of birth, and Social Security number, among other information.

8. In some instances, defendant HOLCOMBE provided false and fraudulent documents for submission to the GA DOL to falsely establish wages purportedly earned by the claimant in Georgia in an attempt to satisfy eligibility requirements.

9. Claimants who requested the direct deposit of UI payments provided to defendants HOLCOMBE and VENABLE the bank routing and account number for use in their UI application.

10. Pursuant to the scheme, defendants HOLCOMBE and VENABLE electronically submitted and caused to be electronically submitted applications for UI benefits, including:

| FILING DATE (on or about) | NAME OF CLAIMANT |
|---|---|
| June 20, 2020 | BENJAMIN CODY PRUETT |
| July 13, 2020 | DUSTIN W. WOMACK |

| July 17, 2020 | DEREK S. WORTHINGTON |
| July 24, 2020 | RANDALL L. CHUMLEY |

11. If the UI application was approved, the GA DOL caused the UI benefit payments to be directly deposited into the claimant's designated bank account. These electronic deposits caused interstate wire transmissions.

All in violation of Title 18, United States Code, Section 1349.

### Counts Two through Thirteen
### (Wire Fraud)

12. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 2 through 10 of this Indictment as if fully set forth herein.

13. From on or about June 20, 2020 through on or about July 8, 2020, in the Northern District of Georgia and elsewhere, the defendants, AVERY HOLCOMBE, SCOTTY JOEL VENABLE and BENJAMIN CODY PRUETT, aided and abetted by each other and others unknown to the Grand Jury, did knowingly devise and intend to devise a scheme and artifice to defraud the GA DOL, and to obtain money and property from that agency, namely UI benefits, by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, well knowing and having reason to know that said pretenses, representations, and promises were and would be false and fraudulent when made and caused to be made and that said omissions were and would be material.

14. On or about June 20, 2020, the defendants, AVERY HOLCOMBE, SCOTTY JOEL VENABLE and BENJAMIN CODY PRUETT, caused to be submitted

4

electronically via the internet a UI application to the GA DOL in the name of defendant PRUETT falsely stating, among other things, that defendant PRUETT was available to work. In reality, at all times relevant to this Indictment, defendant PRUETT was incarcerated and not available to work.

15. The UI application was accepted and the GA-DOL directly deposited UI benefits, dating back to April 4, 2020, into a Sutton bank account ending in 6064 held in the name of defendant PRUETT.

16. On or about June 30, 2020, in the Northern District of Georgia and elsewhere, the defendants, AVERY HOLCOMBE, SCOTTY JOEL VENABLE and BENJAMIN CODY PRUETT, for the purpose of executing and attempting to execute the aforesaid scheme and artifice to defraud, caused the following wire communications to be transmitted in interstate commerce:

| COUNT | DATE (On or About) | DESCRIPTION OF WIRE COMMUNICATION |
|---|---|---|
| Two | June 30, 2020 | Electronic deposit from the GA DOL into Sutton bank account ending in 6064 of an FPUC payment in the name of defendant BENJAMIN CODY PRUETT in the amount of $504 for week ending April 4, 2020. |
| Three | June 30, 2020 | Electronic deposit from the GA DOL into Sutton bank account ending in 6064 of an FPUC payment in the name of defendant BENJAMIN CODY PRUETT in the amount of $504 for week ending April 11, 2020. |
| Four | June 30, 2020 | Electronic deposit from the GA DOL into Sutton bank account ending in 6064 of an FPUC payment in the name of defendant BENJAMIN CODY PRUETT in the amount of $504 for week ending April 18, 2020. |

| COUNT | DATE (On or About) | DESCRIPTION OF WIRE COMMUNICATION |
|---|---|---|
| **Five** | June 30, 2020 | Electronic deposit from the GA DOL into Sutton bank account ending in 6064 of an FPUC payment in the name of defendant BENJAMIN CODY PRUETT in the amount of $504 for week ending April 25, 2020. |
| **Six** | June 30, 2020 | Electronic deposit from the GA DOL into Sutton bank account ending in 6064 of an FPUC payment in the name of defendant BENJAMIN CODY PRUETT in the amount of $504 for week ending May 2, 2020. |
| **Seven** | June 30, 2020 | Electronic deposit from the GA DOL into Sutton bank account ending in 6064 of an FPUC payment in the name of defendant BENJAMIN CODY PRUETT in the amount of $504 for week ending May 9, 2020. |
| **Eight** | June 30, 2020 | Electronic deposit from the GA DOL into Sutton bank account ending in 6064 of an FPUC payment in the name of defendant BENJAMIN CODY PRUETT in the amount of $504 for week ending May 16, 2020. |
| **Nine** | June 30, 2020 | Electronic deposit from the GA DOL into Sutton bank account ending in 6064 of an FPUC payment in the name of defendant BENJAMIN CODY PRUETT in the amount of $504 for week ending May 23, 2020. |
| **Ten** | June 30, 2020 | Electronic deposit from the GA DOL into Sutton bank account ending in 6064 of an FPUC payment in the name of defendant BENJAMIN CODY PRUETT in the amount of $504 for week ending May 30, 2020. |
| **Eleven** | June 30, 2020 | Electronic deposit from the GA DOL into Sutton bank account ending in 6064 of an FPUC payment in the name of defendant BENJAMIN CODY PRUETT in the amount of $504 for week ending June 6, 2020. |

| COUNT | DATE (On or About) | DESCRIPTION OF WIRE COMMUNICATION |
|---|---|---|
| **Twelve** | June 30, 2020 | Electronic deposit from the GA DOL into Sutton bank account ending in 6064 of an FPUC payment in the name of defendant BENJAMIN CODY PRUETT in the amount of $504 for week ending June 13, 2020. |
| **Thirteen** | June 30, 2020 | Electronic deposit from the GA DOL into Sutton bank account ending in 6064 of an FPUC payment in the name of defendant BENJAMIN CODY PRUETT in the amount of $504 for week ending June 20, 2020. |

All in violation of Title 18, United States Code, Section 1343 and Section 2.

### Count Fourteen
### (Theft of Government Funds)

17. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 2 through 10 of this Indictment as if fully set forth herein.

18. From on or about June 20, 2020, through on or about July 8, 2020, in the Northern District of Georgia and elsewhere, the defendants, AVERY HOLCOMBE, SCOTTY JOEL VENABLE and BENJAMIN CODY PRUETT, aided and abetted by each other and others unknown to the Grand Jury, did steal, purloin, and knowingly and willfully convert to their use and the use of another money and a thing of value of the United States exceeding the sum of $1,000, namely, approximately $9,700 in federal pandemic related UI benefits.

All in violation of Title 18, United States Code, Section 641 and Section 2.

7

## Counts Fifteen through Twenty-Nine
### (Wire Fraud)

19. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 2 through 10 of this Indictment as if fully set forth herein.

20. From on or about July 13, 2020 through on or about July 21, 2020, in the Northern District of Georgia and elsewhere, the defendants, AVERY HOLCOMBE, SCOTTY JOEL VENABLE and DUSTIN W. WOMACK, aided and abetted by each other and others unknown to the Grand Jury, did knowingly devise and intend to devise a scheme and artifice to defraud the GA DOL, and to obtain money and property from that agency, namely UI benefits, by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, well knowing and having reason to know that said pretenses, representations, and promises were and would be false and fraudulent when made and caused to be made, and that said omissions were and would be material.

21. On or about July 13, 2020, the defendants, AVERY HOLCOMBE, SCOTTY JOEL VENABLE and DUSTIN W. WOMACK, caused to be submitted electronically via the internet a UI application to the GA DOL in the name of defendant WOMACK falsely stating, among other things, that defendant WOMACK was available to work. In reality, at all times relevant to this Indictment, defendant WOMACK was incarcerated and not available to work.

22. The UI application was accepted and the GA-DOL directly deposited UI benefits, dating back to April 4, 2020, into a Sutton bank account ending in 5292 held in the name of defendant WOMACK.

23. On or about July 20, 2020, in the Northern District of Georgia and elsewhere, the defendants, AVERY HOLCOMBE, SCOTTY JOEL VENABLE and DUSTIN W. WOMACK, for the purpose of executing and attempting to execute the aforesaid scheme and artifice to defraud, caused the following wire communications to be transmitted in interstate commerce:

| COUNT | DATE (On or About) | DESCRIPTION OF WIRE COMMUNICATION |
|---|---|---|
| **Fifteen** | July 20, 2020 | Electronic deposit from the GA DOL into Sutton bank account ending in 5292 of an FPUC payment in the name of defendant DUSTIN W. WOMACK in the amount of $504 for week ending April 4, 2020. |
| **Sixteen** | July 20, 2020 | Electronic deposit from the GA DOL into Sutton bank account ending in 5292 of an FPUC payment in the name of defendant DUSTIN W. WOMACK in the amount of $504 for week ending April 11, 2020. |
| **Seventeen** | July 20, 2020 | Electronic deposit from the GA DOL into Sutton bank account ending in 5292 of an FPUC payment in the name of defendant DUSTIN W. WOMACK in the amount of $504 for week ending April 18, 2020. |
| **Eighteen** | July 20, 2020 | Electronic deposit from the GA DOL into Sutton bank account ending in 5292 of an FPUC payment in the name of defendant DUSTIN W. WOMACK in the amount of $504 for week ending April 25, 2020. |

| COUNT | DATE (On or About) | DESCRIPTION OF WIRE COMMUNICATION |
|---|---|---|
| Nineteen | July 20, 2020 | Electronic deposit from the GA DOL into Sutton bank account ending in 5292 of an FPUC payment in the name of defendant DUSTIN W. WOMACK in the amount of $504 for week ending May 2, 2020. |
| Twenty | July 20, 2020 | Electronic deposit from the GA DOL into Sutton bank account ending in 5292 of an FPUC payment in the name of defendant DUSTIN W. WOMACK in the amount of $504 for week ending May 9, 2020. |
| Twenty-One | July 20, 2020 | Electronic deposit from the GA DOL into Sutton bank account ending in 5292 of an FPUC payment in the name of defendant DUSTIN W. WOMACK in the amount of $504 for week ending May 16, 2020. |
| Twenty-Two | July 20, 2020 | Electronic deposit from the GA DOL into Sutton bank account ending in 5292 of an FPUC payment in the name of defendant DUSTIN W. WOMACK in the amount of $504 for week ending May 23, 2020. |
| Twenty-Three | July 20, 2020 | Electronic deposit from the GA DOL into Sutton bank account ending in 5292 of an FPUC payment in the name of defendant DUSTIN W. WOMACK in the amount of $504 for week ending May 30, 2020. |
| Twenty-Four | July 20, 2020 | Electronic deposit from the GA DOL into Sutton bank account ending in 5292 of an FPUC payment in the name of defendant DUSTIN W. WOMACK in the amount of $504 for week ending June 6, 2020. |
| Twenty-Five | July 20, 2020 | Electronic deposit from the GA DOL into Sutton bank account ending in 5292 of an FPUC payment in the name of defendant DUSTIN W. WOMACK in the amount of $504 for week ending June 13, 2020. |

| COUNT | DATE (On or About) | DESCRIPTION OF WIRE COMMUNICATION |
|---|---|---|
| Twenty-Six | July 20, 2020 | Electronic deposit from the GA DOL into Sutton bank account ending in 5292 of an FPUC payment in the name of defendant DUSTIN W. WOMACK in the amount of $504 for week ending June 20, 2020. |
| Twenty-Seven | July 20, 2020 | Electronic deposit from the GA DOL into Sutton bank account ending in 5292 of an FPUC payment in the name of defendant DUSTIN W. WOMACK in the amount of $504 for week ending June 27, 2020. |
| Twenty-Eight | July 20, 2020 | Electronic deposit from the GA DOL into Sutton bank account ending in 5292 of an FPUC payment in the name of defendant DUSTIN W. WOMACK in the amount of $504 for week ending July 4, 2020. |
| Twenty-Nine | July 20, 2020 | Electronic deposit from the GA DOL into Sutton bank account ending in 5292 of an FPUC payment in the name of defendant DUSTIN W. WOMACK in the amount of $504 for week ending July 11, 2020. |

All in violation of Title 18, United States Code, Section 1343 and Section 2.

### Count Thirty
### (Theft of Government Funds)

24. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 2 through 10 of this Indictment as if fully set forth herein.

25. From on or about July 13, 2020 through on or about July 21, 2020, in the Northern District of Georgia and elsewhere, the defendants, AVERY HOLCOMBE, SCOTTY JOEL VENABLE and DUSTIN W. WOMACK, aided and

11

abetted by each other and others unknown to the Grand Jury, did steal, purloin, and knowingly and willfully convert to their use and the use of another money and a thing of value of the United States exceeding the sum of $1,000, namely, approximately $12,280 in federal pandemic related UI benefits.

All in violation of Title 18, United States Code, Section 641 and Section 2.

## Counts Thirty-One through Thirty-Seven
### (Wire Fraud)

26. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 2 through 10 of this Indictment as if fully set forth herein.

27. From on or about July 17, 2020 through on or about September 18, 2020, in the Northern District of Georgia and elsewhere, the defendants, AVERY HOLCOMBE, SCOTTY JOEL VENABLE and DEREK S. WORTHINGTON, aided and abetted by each other and others unknown to the Grand Jury, did knowingly devise and intend to devise a scheme and artifice to defraud the GA DOL, and to obtain money and property from that agency, namely UI benefits, by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, well knowing and having reason to know that said pretenses, representations, and promises were and would be false and fraudulent when made and caused to be made, and that said omissions were and would be material.

28. On or about August 12, 2020, the defendants, AVERY HOLCOMBE, SCOTTY JOEL VENABLE and DEREK S. WORTHINGTON, caused to be

submitted electronically via the internet a UI application to the GA DOL in the name of defendant WORTHINGTON falsely stating, among other things, that defendant WORTHINGTON was available to work. In reality, at all times relevant to this Indictment, defendant WORTHINGTON was incarcerated and not available to work.

29. The UI application was accepted and the GA-DOL directly deposited UI benefits, dating back to May 2, 2020, into a PayPal bank account ending in 2066 held in the name of defendant WORTHINGTON.

30. On or about August 12, 2020, in the Northern District of Georgia and elsewhere, the defendants, AVERY HOLCOMBE, SCOTTY JOEL VENABLE and DEREK S. WORTHINGTON, for the purpose of executing and attempting to execute the aforesaid scheme and artifice to defraud, caused the following wire communications to be transmitted in interstate commerce:

| COUNT | DATE (On or About) | DESCRIPTION OF WIRE COMMUNICATION |
|---|---|---|
| Thirty-One | August 12, 2020 | Electronic deposit from the GA DOL into PayPal bank account ending in 2066 of an PUA payment in the name of defendant DEREK S. WORTHINGTON in the amount of $306 for week ending May 2, 2020. |
| Thirty-Two | August 12, 2020 | Electronic deposit from the GA DOL into PayPal bank account ending in 2066 of an PUA payment in the name of defendant DEREK S. WORTHINGTON in the amount of $306 for week ending May 9, 2020. |
| Thirty-Three | August 12, 2020 | Electronic deposit from the GA DOL into PayPal bank account ending in 2066 of an PUA payment in the name of defendant |

| COUNT | DATE (On or About) | DESCRIPTION OF WIRE COMMUNICATION |
|---|---|---|
|  |  | DEREK S. WORTHINGTON in the amount of $306 for week ending May 30, 2020. |
| Thirty-Four | August 12, 2020 | Electronic deposit from the GA DOL into PayPal bank account ending in 2066 of an PUA payment in the name of defendant DEREK S. WORTHINGTON in the amount of $306 for week ending June 6, 2020. |
| Thirty-Five | August 12, 2020 | Electronic deposit from the GA DOL into PayPal bank account ending in 2066 of an PUA payment in the name of defendant DEREK S. WORTHINGTON in the amount of $306 for week ending June 13, 2020. |
| Thirty-Six | August 12, 2020 | Electronic deposit from the GA DOL into PayPal bank account ending in 2066 of an PUA payment in the name of defendant DEREK S. WORTHINGTON in the amount of $306 for week ending June 20, 2020. |
| Thirty-Seven | August 12, 2020 | Electronic deposit from the GA DOL into PayPal bank account ending in 2066 of an PUA payment in the name of defendant DEREK S. WORTHINGTON in the amount of $306 for week ending June 27, 2020. |

All in violation of Title 18, United States Code, Section 1343 and Section 2.

**Count Thirty-Eight**

31. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 2 through 10 of this Indictment as if fully set forth herein.

32. From on or about July 17, 2020 through on or about September 18, 2020, in the Northern District of Georgia and elsewhere, the defendants, AVERY HOLCOMBE, SCOTTY JOEL VENABLE and DEREK S. WORTHINGTON, aided

and abetted by each other and others unknown to the Grand Jury, did steal, purloin, and knowingly and willfully convert to their use and the use of another money and a thing of value of the United States exceeding the sum of $1,000, namely, approximately $4,250 in federal pandemic related UI benefits.

All in violation of Title 18, United States Code, Section 641 and Section 2.

### Count Thirty-Nine
### (Wire Fraud)

33. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 2 through 10 of this Indictment as if fully set forth herein.

34. From on or about July 24, 2020 and continuing through on or about November 2, 2020, in the Northern District of Georgia and elsewhere, the defendants, AVERY HOLCOMBE, SCOTTY JOEL VENABLE and RANDALL L. CHUMLEY, aided and abetted by each other and others unknown to the Grand Jury, did knowingly devise and intend to devise a scheme and artifice to defraud the GA DOL, and to obtain money and property from that agency, namely UI benefits, by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, well knowing and having reason to know that said pretenses, representations, and promises were and would be false and fraudulent when made and caused to be made, and that said omissions were and would be material.

35. On or about July 24, 2020, in the Northern District of Georgia and elsewhere, the defendants, AVERY HOLCOMBE, SCOTTY JOEL VENABLE and

15

RANDALL L. CHUMLEY, for the purpose of executing the aforesaid scheme and artifice to defraud, did knowingly and willfully cause and attempt to cause wire communications to be transmitted in interstate commerce, namely the defendants submitted electronically via the internet a UI application to the GA DOL in the name of defendant CHUMLEY falsely stating, among other things, that defendant CHUMLEY was available to work. In reality, at all times relevant to this Indictment, defendant CHUMLEY was incarcerated and not available to work.

All in violation of Title 18, United States Code, Section 1343 and Section 2.

## Forfeiture

36. Upon conviction of one or more of the offenses alleged in Counts One through Thirteen, Fifteen through Twenty-Nine, Thirty-One through Thirty-Seven, and Thirty-Nine, the defendants, AVERY HOLCOMBE, SCOTTY JOEL VENABLE, BENJAMIN CODY PRUETT, DEREK S. WORTHINGTON, DUSTIN W. WOMACK, and RANDALL L. CHUMLEY, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property, constituting, or derived from, proceeds obtained directly or indirectly, as a result of said violation, including, but not limited to, the following:

> MONEY JUDGMENT: A sum of money in United States currency, representing the amount of proceeds obtained as a result of the offenses alleged in Counts One through Thirteen, Fifteen through

Twenty-Nine, Thirty-One through Thirty-Seven, and Thirty-Nine of this Indictment.

37. Upon conviction of one or more of the offenses alleged in Counts Fourteen, Thirty, and Thirty-Eight, the defendants, AVERY HOLCOMBE, SCOTTY JOEL VENABLE, BENJAMIN CODY PRUETT, DEREK S. WORTHINGTON, and DUSTIN W. WOMACK, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property, constituting, or derived from, proceeds obtained directly or indirectly, as a result of said violation, including, but not limited to, the following:

MONEY JUDGMENT: A sum of money in United States currency, representing the amount of proceeds obtained as a result of the offenses alleged in Counts Fourteen, Thirty, and Thirty-Eight of this Indictment.

38. If, as a result of any act or omission of the defendant, any property subject to forfeiture:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

17

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

A ___TRUE___ BILL

_____
FOREPERSON

RICHARD S. MOULTRIE
*Acting United States Attorney*

*Tracia M. King*
TRACIA KING
*Assistant United States Attorney*
Georgia Bar No. 421380

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181